IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JAMES M. CULLITON,

        Defendant.
_____/

CIV. NO. S-05-0152 EJG
CR.  NO. S-99-0537 EJG

<u>ORDER DENYING MOTION TO
VACATE, SET ASIDE OR CORRECT
SENTENCE OR, ALTERNATIVELY,
FOR WRIT OF CORAM NOBIS</u>

    This matter is before the court on defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 or, alternatively, for a writ of coram nobis, pursuant to 28 U.S.C. § 1651.  After reviewing the record and the documents filed in connection with the motion, the court has determined that it may be decided without an evidentiary hearing because the files and the records of the case affirmatively show the factual and legal invalidity of defendant's arguments.  <u>Shah v. United States</u>, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the reasons set forth below, the motion is DENIED.

///

BACKGROUND

Defendant was convicted January 11, 2000, following a jury trial, of one count of making a false statement, in violation of 18 U.S.C. § 1001.  He was sentenced November 20, 2000 to a term of no imprisonment and ordered to pay a fine of $5,000.  His conviction was initially reversed, then, following the government's petition for rehearing, was affirmed on appeal April 30, 2003.  United States v. Culliton, 328 F.3d 1074 (9th Cir. 2003).  Defendant's petition for certiorari was denied January 12, 2004.  The instant motion seeks post-conviction relief in the form of either an order vacating his sentence, or issuance of a writ of coram nobis.

DISCUSSION

Defendant raises three claims in his motion, all of which he alleges violate various of his constitutional rights. First, he contends that § 1001 is pre-empted by federal aviation statutes and regulations.  Second, defendant argues that the jury was improperly instructed on the elements of § 1001.  Third, defendant asserts that erroneous evidentiary rulings deprived him of a fair trial.  The government opposes the motion on procedural grounds as well as on the merits.  The court will address both the procedural issues and the substantive claims.

   A.  28 U.S.C. § 2255

To the extent defendant seeks relief pursuant to § 2255, his motion is DENIED.  Defendant is not 'in custody', which is a

2

jurisdictional prerequisite for issuance of a writ of habeas corpus by a federal court.  Maleng v. Cook, 490 U.S. 488, 490 (1989).  Nor do the collateral consequences of his conviction, namely payment of a fine and revocation of his license to practice law, render him 'in custody'.  "[T]he imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).

    B.  Coram Nobis

When a defendant has served his sentence, the writ of coram nobis is available to challenge the validity of a conviction only under the most compelling circumstances.  United States v. Morgan, 346 U.S. 502, 511 (1954).  The writ empowers a court to vacate its judgment "for errors of fact . . . in those cases where the errors [are] of the most fundamental character . . . such as rendered the proceeding itself invalid." United States v. Mayer, 235 U.S. 55, 69 (1914).  District courts have the power to issue the writs under the All Writs Act, 28 U.S.C. § 1651(a).

Entitlement to coram nobis relief requires a showing that: 1) a more usual remedy is unavailable; 2) valid reasons exist for not attacking the conviction earlier; 3) adverse consequences of the conviction satisfy the case or controversy requirements of Article III; and 4) the error is of "the most fundamental nature." Hirabayashi v. United States, 828 F.2d 591, 604 (9th

3

Cir. 1987). In the instant case the government argues that defendant has not met two of the four requirements, rendering his motion procedurally defective. Resolution of the government's contentions requires examination of the substantive claims. Accordingly, assuming <u>arguendo</u> that the writ of coram nobis is the appropriate vehicle for defendant to <u>raise</u> his claims, the court finds them to be without merit.

      1.  <u>Pre-emption</u>

Defendant's first claim, that his prosecution under § 1001 is barred by the more specific provisions criminalizing false statements under federal aviation statutes and regulations, was previously rejected by the Ninth Circuit in its affirmance of his conviction, albeit under the guise of a different claim. In rejecting his "primary jurisdiction" argument on appeal, the appellate court held that "simply because the FAA has the competence to deal with false statements on its applications does not mean that Congress has conferred upon it sole responsibility to penalize false statements, thereby suspending the operation of a criminal statute of general application." <u>United States v. Culliton</u>, 328 F.3d 1074, 1082 (2003).

However, even if defendant's claim of "pre-emption" is separate from his claim of "primary jurisdiction," defendant has not cited, nor has the court found, a clear, unambiguous expression of Congressional intent to <u>disallow</u> a prosecution under § 1001, in favor of prosecution under an FAA statute, for

4

falsification of a statement on a FAA form.  Defendant's first claim is DENIED.

### 2. Instructional error

In this claim, defendant contends that the court erred, and counsel was ineffective at trial and on appeal for not objecting to the error, when it followed binding Ninth Circuit authority concerning the jury instructions given on the elements of a § 1001 offense.  As discussed in detail in the government's response brief, assertions by the defendant that both the court and defense counsel were in error for following established Ninth Circuit precedent, borders on the frivolous.  Defendant's second claim is DENIED.

### 3. Evidentiary rulings

In his final claim, defendant raises two arguments concerning an evidentiary ruling by the trial court.  First, defendant argues that the court erroneously excluded "defense theory" testimony designed to discredit the government's expert medical witness, Dr. Brown.  Second, defendant argues that trial counsel was ineffective for failing to renew his attempts to admit this evidence despite the court's pretrial exclusion.

As the government points out in its response to the motion, the court's ruling that testimony by other pilots concerning their own experiences with Dr. Brown was not probative of defendant's experiences; therefore, it was within the court's discretion to exclude the evidence.  Moreover, the court's review

5

of its trial notes, taken at the time of defendant's trial testimony, reveal that defendant was glib, evasive and opportunistic in his testimony, thus providing ample reason for the jury to disbelieve him where his statements contradicted with government witness Dr. Brown. Cf. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989) (court may rely on its own notes and recollections of the proceedings in ruling on post-conviction motions).

Finally, defendant has not shown that, in the face of overwhelming evidence of guilt, defense's counsel's failure to renew his request for admission of this testimony, would have made it more likely than not that defendant would not have been convicted. Defendant's third claim is DENIED.

## CONCLUSION

1. Defendant's motion to vacate, set aside or correct his sentence, or for a writ of coram nobis, is DENIED.

2. The Clerk of Court is directed to close companion case CIV. NO. S-05-0152.

IT IS SO ORDERED.

Dated: May 11, 2005

/s/Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT